**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | | |
|---|---|---|
| RONALD JONES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Cause No. 3:09 CV 230 PS |
| | ) | |
| SUPERINTENDENT, INDIANA STATE PRISON, | ) ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

Petitioner Ronald Jones, a prisoner confined at the Indiana State Prison, submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254, challenging a prison disciplinary hearing. Jones states on his petition that on June 21, 2006, a disciplinary hearing board ("DHB") found him guilty of battery on a correctional officer, ordered him placed in disciplinary segregation for one year, imposed a loss of three hundred sixty five days of earned credit time, and demoted him to a lower credit time earning classification.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the court must review a habeas corpus petition and dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ."*Id.* This rule provides the Court with a gatekeeping responsibility to sift through habeas corpus petitions and dismiss those petitions which obviously lack merit.

The records of this court establish that in *Ronald Jones v. William Wilson*, 3:07-cv-237-TLS, this petitioner filed another petition asserting that on June 21, 2006, a DHB found him guilty of battery on a correctional officer, ordered him placed in disciplinary segregation for one year, imposed a loss of three hundred sixty five days of earned credit time, and demoted him to a

lower credit time earning classification. The court dismissed that petition on the merits on March 31, 2008, pursuant to Rule 4 of the Rules Governing Section 2254 Cases. The petitioner did not appeal the dismissal of his earlier petition.

The respondent submitted a copy of the conduct report that resulted in the finding of guilt Jones challenged in 3:07-cv-237-TLS as exhibit B attached to his memorandum in support of his motion to dismiss. (3:07-cv-237, DE 9-3). Petitioner Jones submits a copy of the conduct report that resulted in the finding of guilt he seeks to challenge in this petition as Exhibit 1 attached to his petition. (DE 1-2). A comparison of these conduct reports establishes that they are the same conduct report, and that his current petition deals with the same disciplinary proceeding that Jones presented to the court in 3:07-cv-237-TLS.

> Pursuant to 28 U.S.C. § 2244(b):
>
> A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

28 U.S.C. § 2244(b)(1).

> Before a second or successive application permitted by [28 U.S.C. § 2244(b)(2) which was not presented in a prior application] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(3).

Jones's current petition is a second and successive petition for writ of habeas corpus, dealing with a disciplinary action that has already been reviewed by this court in another § 2254 action. But Jones has not obtained an order from the court of appeals permitting him to file a second or successive petition either seeking another review of issues presented in his original petition or to present issues not presented in *Jones v. Wilson*, 3:07-cv-237-TLS. "A district court

<u>must</u> dismiss a second or successive petition . . . unless the court of appeals has given approval for its filing." *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996) (emphasis in original).

For the foregoing reasons, the court **DISMISSES** this petition without prejudice for lack of jurisdiction pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court so that the petitioner can seek authorization from the Court of Appeals to file a second and successive petition.

**SO ORDERED**.

ENTERED: June 26, 2008

 /s Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT